SOUTHERN DISTRICT OF MISSISSIPPI
FILED

APR 0 8 2025

ARTHUR JOHNSTON
BY _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

v.                                                          CRIMINAL NO. 3:25cr62-DPJ-LGI

HAROLD KEITH TEMPLE                          18 U.S.C. § 922(a)(1)(A)
                                                            18 U.S.C. § 922(a)(6)

**The Grand Jury charges:**

COUNT 1

That on or about January 1, 2022, and continuing through the date of the Indictment, in Madison County and elsewhere in the Northern Division of the Southern District of Mississippi, the defendant, **HAROLD KEITH TEMPLE**, not being a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, did willfully engage in the business of dealing in firearms, in violation of Title 18, United States Code, Sections 922(a)(1)(A), 923(a), and 924(a)(1)(D).

COUNT 2

That on or about May 23, 2023, in Madison County in the Northern Division of the Southern District of Mississippi, the defendant, **HAROLD KEITH TEMPLE**, in connection with the acquisition or attempted acquisition of a firearm from Southern Connection Police Supply, a licensed dealer of firearms within the meaning of Title 18, United States Code, Chapter 44, knowingly made a false and fictitious written statement to Southern Connection Police Supply which statement was intended and likely to deceive Southern Connection Policy Supply as to a fact material to the lawfulness of such acquisition of the said firearm to the defendant under Chapter 44 of Title 18, in that **HAROLD KEITH TEMPLE** represented that he was the actual transferee/buyer of the firearm and was not acquiring the firearm on behalf of another person when

answering box 21.a. on Department of Justice, Bureau of Alcohol, Tobacco and Firearms Form 4473, Firearms Transaction Record, whereas in truth and in fact **HAROLD KEITH TEMPLE** then knew that he was not the actual transferee/buyer of the firearm and was acquiring the firearm on behalf of another person; in violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2).

COUNT 3

That on or about and between August 11, 2023, and August 18, 2023, in Madison County in the Northern Division of the Southern District of Mississippi, the defendant, **HAROLD KEITH TEMPLE**, in connection with the acquisition or attempted acquisition of a firearm from Southern Connection Police Supply, a licensed dealer of firearms within the meaning of Title 18, United States Code, Chapter 44, knowingly made a false and fictitious written statement to Southern Connection Police Supply which statement was intended and likely to deceive Southern Connection Policy Supply as to a fact material to the lawfulness of such acquisition of the said firearm to the defendant under Chapter 44 of Title 18, in that **HAROLD KEITH TEMPLE** represented that he was the actual transferee/buyer of the firearm and was not acquiring the firearm on behalf of another person when answering box 21.a. on Department of Justice, Bureau of Alcohol, Tobacco and Firearms Form 4473, Firearms Transaction Record, whereas in truth and in fact **HAROLD KEITH TEMPLE** then knew that he was not the actual transferee/buyer of the firearm and was acquiring the firearm on behalf of another person; in violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2).

2

COUNT 4

That on or about September 13, 2023, in Madison County in the Northern Division of the Southern District of Mississippi, the defendant, **HAROLD KEITH TEMPLE**, in connection with the acquisition or attempted acquisition of a firearm from Southern Connection Police Supply, a licensed dealer of firearms within the meaning of Title 18, United States Code, Chapter 44, knowingly made a false and fictitious written statement to Southern Connection Police Supply which statement was intended and likely to deceive Southern Connection Policy Supply as to a fact material to the lawfulness of such acquisition of the said firearm to the defendant under Chapter 44 of Title 18, in that **HAROLD KEITH TEMPLE** represented that he was the actual transferee/buyer of the firearm and was not acquiring the firearm on behalf of another person when answering box 21.a. on Department of Justice, Bureau of Alcohol, Tobacco and Firearms Form 4473, Firearms Transaction Record, whereas in truth and in fact **HAROLD KEITH TEMPLE** then knew that he was not the actual transferee/buyer of the firearm and was acquiring the firearm on behalf of another person; in violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2).

<u>NOTICE OF INTENT TO SEEK CRIMINAL FORFEITURE</u>

As a result of committing the offenses as alleged in this Indictment, the defendant shall forfeit to the United States all property involved in or traceable to property involved in the offenses, including but not limited to all proceeds obtained directly or indirectly from the offenses, and all property used to facilitate the offenses.

Further, if any property described above, as a result of any act or omission of the defendant: (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or

3

deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property, which cannot be divided without difficulty, then it is the intent of the United States to seek a judgment of forfeiture of any other property of the defendant, up to the value of the property described in this notice or any bill of particulars supporting it.

All pursuant to Title 18, United States Code, Section 924(d)(1); and Title 28, United States Code, Section 2461(c).

PATRICK A. LEMON
Acting United States Attorney

A TRUE BILL:

S/ SIGNATURE REDACTED

Foreperson of the Grand Jury

This Indictment was returned in open court by the foreperson or deputy foreperson of the Grand Jury on this the _____ day of April 2025.

UNITED STATES MAGISTRATE JUDGE